Michael J. Carcich, Esq. (MC-5207)
NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, Seventh Floor
New York, New York 10005
Telephone: 212-220-3830
(OUR FILE: 00000891 MJC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

COMET SHIPPING AGENCIES NIGERIA LTD.,

                Plaintiff,                      09 Civ. 7043 (CM)

    - against -

GLOBAL CONTAINER LINES LIMITED,

                Defendant.

-----------------------------------------------------------X

**PLAINTIFF COMET SHIPPING AGENCIES NIGERIA LTD.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
FOR THE ENTRY OF A DEFAULT JUDGMENT AGAINST
<u>DEFENDANT GLOBAL CONTAINER LINES LIMITED</u>**

<u>PRELIMINARY STATEMENT</u>

      Plaintiff COMET SHIPPING AGENCIES NIGERIA LTD. (hereafter "COMET") submits this Memorandum of Law in support of its motion pursuant to Federal Rules of Civil Procedure 55(b) for the entry of a default judgment against defendant GLOBAL CONTAINER LINES LIMITED (hereafter "GLOBAL") on the ground that after having been duly served with a copy of the Summons and Complaint in this matter, COMET has failed to plead or otherwise appear in this action.

## BACKGROUND FACTS

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1332. (Ex. "1", ¶¶ 2-4).[1] On information and belief, COMET is, and at all relevant times was, a corporation organized and existing under the laws of Nigeria with an office and principle place of business in Nigeria. (Ex. "2"; Carcich Aff., ¶ 3). GLOBAL is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware, USA with an office and principle place of business within the State of New York. (NYS Dept. of Corporations Entity Information attached as Ex. "3"; Carcich Aff., ¶ 3). The amount in controversy exceeds $75,000. exclusive of interest and costs. (Ex. "1"; Carcich Aff., ¶ 3).

This action arises out of GLOBAL's default in payment of $187,448.91 owed and payable to COMET under a Promissory Note (Ex. "1", attachment "A" thereto) executed by GLOBAL. COMET seeks payment of the unpaid balance, plus collection costs, attorney's fees and interest at the rate of 1% per month as provided in the Promissory Note. (Ex. "1", ¶ 1; Carcich Aff., ¶ 4).

In payment of certain amounts owed to COMET as set forth therein; GLOBAL, on or about June 24, 2009, executed and, on or about June 26, 2009, delivered a Promissory Note to counsel for COMET promising and providing for payment to COMET of $234,310.91, payable in five (5) equal successive monthly installments of $46,862.00 (except the final installment which was to be for the final balance due on the Promissory Note) commencing on or before June 26, 2009 and on or before the 26th day of each and every month thereafter until paid in full. (Ex. "1", ¶ 8; Carcich Aff., ¶ 5).

---

[1] Reference to Exhibits are to the exhibits attached to the Affidavit of Michael J. Carcich In Support of Motion for Default Judgment dated October __, 2009 submitted herewith (hereinafter "Carcich Aff.").

The Promissory Note provided for payment to COMET to be made by check payable to "Nicoletti Hornig & Sweeney, as attorneys for Comet Shipping Agencies Nigeria Ltd." delivered on or before each due date to Nicoletti Hornig & Sweeney, Wall Street Plaza, 88 Pine Street, New York, New York 10005, Attention: Michael J. Carcich. (Ex. "1", ¶ 9; Carcich Aff., ¶ 6).

On June 26, 2009 GLOBAL delivered a check in the amount of $46,862.00 payable to "Nicoletti Hornig & Sweeney, as attorneys" to Nicoletti Hornig & Sweeney, Wall Street Plaza, 88 Pine Street, New York, New York 10005 representing the first installment payment due under the Promissory Note. (Ex. "1", ¶ 11; Carcich Aff., ¶ 7).

Thereafter, no further payments by GLOBAL were made. On July 29, 2009 GLOBAL was advised of its default by counsel for COMET and on August 3, 2009 GLOBAL, through its counsel, was further advised that pursuant to the provisions of the Promissory Note that COMET had elected to have the entire balance of the Promissory Note totaling $187,448.91 become immediately due and payable and that if such amount plus interest ($60.47 per day from July 26, 2009 to the date of payment) in accordance with the provisions of the Promissory Note was not received by August 7, 2009 that COMET would commence suit against GLOBAL for such amount plus interest and attorney's fees as provided in the Promissory Note. (Ex. "1", ¶ 12; Carcich Aff., ¶ 8).

The Promissory Note provides in part respecting collection charges, attorney's fees and interest as follows:

> If any installment be not paid when due, the undersigned promises to pay collection charges of twenty-five cents (U.S. $0.25) per dollar of each overdue installment, or the actual cost of collection, whichever is less….
> The undersigned promises to pay all reasonable attorney's fees incurred by the holder hereof in enforcing any right or remedy hereunder. All sums remaining unpaid on the agreed or accelerated

> date of the maturity of the last installment shall thereafter bear interest at the rate of one percent (1%) per month.

(Ex. "1", ¶ 13; Carcich Aff., ¶ 9).

Nicoletti Hornig & Sweeney handled this matter on an agreed contingent fee basis of 25% if recovery was effected without filing of suit and 33% if filing of suit was necessary. On such basis, the increase in the attorney fee payable by COMET because of GLOBAL's default in payment of the balance of the Promissory Note totals $14,996.13.[2] (Carcich Aff., ¶ 14).

## PROCEDURAL BACKGROUND

This action was commenced by the filing of the Summons and Complaint (Ex. "1") on August 10, 2009. Thereafter, the undersigned proceeded to arrange for personal service on GLOBAL by having a process server deliver a copy of the summons and complaint to United Corporate Services, (Alma A – authorized agent), agent for service of process of GLOBAL, at 10 Bank Street, Suite 560, White Plains, New York 10606 on September 11, 2009 and by having a process server deliver a copy of the summons and complaint to GLOBAL (Lorna Davis, authorized agent) at 100 Quentin Roosevelt Blvd., Garden City, New York 11530 on September 11, 2009. Proof of such service was filed on September 18, 2009. (Carcich Aff., ¶ 10).

A copy of the Affidavit of Service and Notice of Electronic Filing is Exhibit "4".

Thereafter, GLOBAL did not answer or otherwise respond to the Complaint and the time for GLOBAL to answer or otherwise respond to the complaint has expired. (Carcich Aff., ¶ 12).

The Clerk of the Court issued a Certificate of Default on October 15, 2009. (Carcich Aff., ¶ 13). An original of the Clerk's Certificate is Ex. "5".

---

[2] $61,858.14 ($187,448.91 x contingent fee of 33%) - $46,862.01 ($187,448.91 x contingent fee of 25%) = $14,996.13.

## LEGAL DISCUSSION

### POINT I

### THIS COURT SHOULD ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT

Federal Rule of Civil Procedure 55 sets forth the circumstances under which the entry of a default judgment is proper. Fed. R. Civ. P. 55 provides, in part:

> **Rule 55.    Default; Default Judgment**
>
> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> * * *
>
> (2)    **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other fiduciary who has appeared. If the party against whom judgment by default is sought has appeared personally or by a representative, that party or, its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
>
> (A)    conduct an accounting;
> (B)    determine the amount of damage;
> (C)    establish the truth of any allegation by evidence; or
> (D)    investigate any other matter.

There is no dispute that Defendants were properly served with the Summons and Complaint and that they have failed to plead or otherwise appear in this action.

## CONCLUSION

On the basis of the foregoing, Plaintiff, COMET is entitled to a default judgment in its favor against Defendant GLOBAL for the balance due on the Promissory Note, with interest at the rate of 1% per month from July 26, 2009 to the date of entry of judgment and the additional attorneys' fees incurred by COMET respecting this matter as a result of GLOBAL's breach and nonpayment of the Promissory Note together with taxable costs as follows:

A. Balance due on the Promissory Note:   $187,448.91;

B. Interest at 1% per month from July 26, 2009 to October 16, 2009: $4,898.07[3] and $60.47 per day thereafter to entry of judgment;

C. Attorneys' fees totaling $14,996.13;

D. Costs to be taxed by the Clerk.

Dated: New York, New York
      October 20, 2009

                                    Yours, etc.

                                      NICOLETTI HORNIG & SWEENEY
                                      Attorneys for Plaintiff
                                      By: _____
                                            Michael J. Carcich (MC-5207)
                                            Wall Street Plaza
                                            88 Pine Street, 7th Floor
                                            New York, New York 10005-1801
                                            (212) 220-3830
                                            NH&S File No.: 00000891 MJC

---

[3] 81 days x $60.47 = $4,898.07.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
: s.s.:
COUNTY OF NEW YORK   )

VALERIE A. CLUNE, being duly sworn, deposes and says:

1. I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Plaintiff. I am not a party to this action, am over 18 years of age and reside in Queens County, New York.

2. On October 22, 2009, I served the annexed PLAINTIFF COMET SHIPPING AGENCIES NIGERIA LTD.'S MEMORADUM OF LAW IN SUPPORT OF ITS MOTION FOR THE ENTRY OF A DEFAULT JUDGMENT AGAINST DEFENDANT GLOBAL CONTAINER LINES LIMITED upon the following:

> Matthew Roseman, Esq.
> CULLEN & DYKMAN
> 100 Quentin Roosevelt Boulevard
> Garden City, New York 11530

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

_____
VALERIE A. CLUNE

Sworn to before me this
22nd day of October, 2009

_____
Notary Public

ROSEMARIE RUSSO
Notary Public, State of New York
No. 01RU4634359
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Dec. 31, 20__ 10

**AFFIDAVIT OF SERVICE**    Ref# 92045 A 4

| | | |
|---|---|---|
| District Court | Southern County Index/Case # 09 7043 | Filing Date 8/10/2009 |

Comet Shipping Agencies Nigeria Limited

*Plaintiff*

Global Container Lines Limited

*Defendant*

New York County, State of: New York, Juan Pereira NYC 0862954, being sworn, says: Deponent is not a party herein; is over the age of 18 years and resides in the State of New York

On 10/26/2009 at 120 PM am/pm at: 100 Quentin Roosevelt Blvd, Garden City NY 11530

Deponent served the within Plaintiff Comet Shipping Agencies Nigeria LTD.'s Memorandum of Law in Support of *

On: Global Container Lines Limited (herein after called the recipient) therein named.

☐ **Individual** — By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☐ **Suitable Age person** — by delivering thereat a true copy of each to _____ a person of suitable age and discretion. Said premises is defendants ☐ Actual Place of Residence ☐ Actual Place of Business within the State

☐ **Affixing to Door** — By affixing a true copy of each to the door of said premises which is defendants ☐ Actual Place of Residence ☐ Actual Place of Business, within the State. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there _____

☒ **Corporation or Partnership or Trust or LLC** — by delivering thereat a true copy of each to Lorna Davis personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be Authorized Agent of entity thereof.

☐ **Mailing** — Within ___ day(s) of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known ☐ Actual Place of Residence ☐ Actual Place of Business, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **Description**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☐ white skin | ☒ black hair | ☐ 14-20 Yrs | ☐ Under 5' | ☐ < 100 Lbs |
| ☒ Female | ☒ black skin | ☐ brown hair | ☐ 21-35 Yrs | ☐ 5'0"-5'3" | ☐ 100-130 Lbs |
| | ☐ yellow skin | ☐ gray hair | ☒ 36-50 Yrs | ☒ 5'4"-5'8" | ☒ 131-160 Lbs |
| | ☐ brown skin | ☐ blonde hair | ☐ 51-65 Yrs | ☐ 5'9"-6'0" | ☐ 161-200 Lbs |
| ☐ Glasses | ☐ red skin | ☐ red hair | ☐ Over 65 Yrs | ☐ Over 6' | ☐ Over 200 Lbs |
| | | ☐ bald(ing) | | | |

Other Identifying Features _____

☐ **Military Service** I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ Subpoena Fee Tendered in the amount of _____

☒ its motion for the entry of a default judgement against defendant Global Container Lines Limited

☐
☐

Sworn to before me on 11/2/09

*Christina Hummler*
Notary Public, State of New York
No. 01HU4637421
Qualified in Suffolk
Commission Expires 6/30/2010

Deponent's (Server) Signature

Attorney Info/Client Info
Nicoletti Hornig & Sweeney
Wall St. Plaza 88 Pine Street 7th Floor
New York NY 10005
212 220 3830

**AFFIDAVIT OF SERVICE**  Ref# 92045 B 4

| District Court | Southern County | Index/Case # 09 7043 | Filing Date 8/10/2009 |

Plaintiff: Comet Shipping Agencies Nigeria Limited

Defendant: Global Container Lines Limited

New York County, State of: New York, Juan Pereira NYC 0862954, being sworn, says: Deponent is not a party herein; is over the age of 18 years and resides in the State of New York

On 10/26/2009 at 1030 AM am/pm at: 10 Bank Street, Suite 560 White Plains NY 11530

Deponent served the within Plaintiff Comet Shipping Agencies Nigeria LTD.'s memorandum of law in support of its*

On: Global Container Lines Limited c/o United Corporate Services Inc. (herein after called the recipient) therein named.

☐ **Individual** — By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☐ **Suitable Age person** — by delivering thereat a true copy of each to _____ a person of suitable age and discretion. Said premises is defendants ☐ Actual Place of Residence ☐ Actual Place of Business within the State

☐ **Affixing to Door** — By affixing a true copy of each to the door of said premises which is defendants ☐ Actual Place of Residence ☐ Actual Place of Business, within the State. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there _____

☒ **Corporation or Partnership or Trust or LLC** — by delivering thereat a true copy of each to Gray Anderson personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be Authorized Agent of entity thereof.

☐ **Mailing** — Within ___ day(s) of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known ☐ Actual Place of Residence ☐ Actual Place of Business, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communciation was from an attorney or concerned an action against the defendant.

☒ **Description**
- ☒ Male ☐ Female
- ☒ white skin ☐ black skin ☐ yellow skin ☐ brown skin
- ☒ black hair ☐ brown hair ☐ gray hair ☐ blonde hair ☐ red hair ☐ bald(ing)
- ☐ 14-20 Yrs ☐ 21-35 Yrs ☒ 36-50 Yrs ☐ 51-65 Yrs ☐ Over 65 Yrs
- ☐ Under 5' ☐ 5'0"-5'3" ☐ 5'4-5'8" ☒ 5'9"-6'0" ☐ Over 6'
- ☐ < 100 Lbs ☐ 100-130 Lbs ☐ 131-160 Lbs ☒ 161-200 Lbs ☐ Over 200 Lbs
- ☐ Glasses ☐ red skin

Other Identifying Features: _____

☐ **Military Service** I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ Subpoena Fee Tendered in the amount of _____

☒ motion for the entry of a default judgement against defendant Global Container Lines Limited

Sworn to before me on 11/2/09

*Christina Hummler*
Notary Public, State of New York
No. 01HU4637421
Qualified in Suffolk
Commission Expires 6/30/2010

Deponent's (Server) Signature

Attorney Info/Client Info
Nicoletti Hornig & Sweeney
Wall St. Plaza 88 Pine Street 7th Floor
New York NY 10005
212 220 3830